Nate A. Kleinman (NK3168)
Kevin P. McCulloch (KM0530)
The McCulloch Law Firm, PLLC
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358

*Counsel for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURENCE CHERNIAK and ROBERT SHELLI,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRANS-HIGH CORPORATION; POWERHOUSE CULTURAL ENTERTAINMENT, INC.,<br><br>*Defendants*. | Case No.<br><br>ECF Case<br><br>**COMPLAINT AND DEMAND FOR A JURY TRIAL** |

Plaintiffs Laurence Cherniak and Robert Shelli (collectively "Plaintiffs"), by and through undersigned counsel, pursuant to Rule 8 of the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby demand a trial by jury of all claims and issues so triable and, for their Complaint against Defendants Trans-High Corporation ("THC"); and PowerHouse Cultural Entertainment, Inc. ("PowerHouse") (collectively "Defendants") state as follows:

**JURISDICTION AND VENUE**

1.  Jurisdiction for Plaintiffs' claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*,

1

and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

2. This is an action for copyright infringement and related claims brought by Plaintiffs, the registered owners of the copyrights in and to the photographs at issue, against Defendants for unauthorized uses of those copyrighted photographs.

3. Venue is proper in this Court under 28 U.S.C. §§ 1391(a) and (b) because Defendants conduct substantial business within the State of New York, infringed Plaintiffs' copyrights within the State of New York as described herein, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the State of New York; and under 28 U.S.C. § 1400(a) since the alleged misconduct by Defendants occurred in this district.

4. Upon information and belief, Defendant THC has offices located in New York City and conducts substantial business in this District.

5. Upon information and belief, Defendant PowerHouse has its headquarters in New York City and conducts substantial business in this District.

**PARTIES**

6. Plaintiffs Laurence Cherniak ("Cherniak") and Robert Shelli ("Shelli") are professional photographers who make their living by taking and licensing photographs.

7. Plaintiff Cherniak is a resident of British Columbia, Canada.

8. Plaintiff Shelli is a resident of the State of Missouri.

9. Upon information and belief, Defendant THC is a New York corporation with its principal office located at 250 W 57th Street, Suite 920, New York, New York.

10. Upon information and belief, THC is a media and publishing company that owns and publishes the popular marijuana culture magazine titled, *High Times*.

11. Upon information and belief, Defendant PowerHouse is a New York corporation with its principal place of business at 37 Main Street, Brooklyn NY 11201.

12. Upon information and belief, PowerHouse is a publishing and printing company that publishes and distributes books through its "powerHouse Books" division.

13. The offices of powerHouse Books are located at 32 Adams Street, Brooklyn NY 11201.

**FACTUAL ALLEGATIONS**

14. Plaintiffs are professional photographers that make their living by taking and licensing photographs.

15. In or around March 1979, Plaintiff Cherniak submitted a group of photo negatives and accompanying textual passages from which Defendant THC chose individual photos to be included in *High Times*.

16. Upon information and belief, Defendant THC has used Plaintiffs' photos and text in additional issues of *High Times* without a license or permission.

17. Upon information and belief, Defendant THC maintains an online gallery of Plaintiffs' photos which are not in context of the original uses.

18. Plaintiffs never licensed or authorized Defendants to copy, display, publish or use their copyrighted works on its online gallery, or in additional issues of *High Times*.

19. Defendants never requested a license or otherwise sought permission to use Plaintiffs' works on its online gallery, nor in additional issues of *High Times*.

20. In or around 2014, Defendant THC created for commercial distribution a book titled, *High Times: A 40-Year History of the World's Most Infamous Magazine* (hereinafter referred to as the "Infringing Book"), which celebrated the history of *High Times* magazine.

21. Upon information and belief, Defendant THC contracted with Defendant PowerHouse to print, publish, and/or distribute the Infringing Book.

22. The Infringing Book includes several of Plaintiffs' copyrighted works.

23. Attached hereto as Exhibit 1 is a chart identifying Plaintiffs' photographs that Defendants copied, published, distributed, and/or otherwise exploited without authorization.

24. Upon information and belief, Defendants offered for sale and did sell the Infringing book on their own website(s) and through other online platforms, including www.barnesandnoble.com.

25. The Infringing Book has also been offered for sale and sold through various third-party resellers on www.amazon.com.

26. Plaintiffs never licensed or authorized Defendants to copy, display, publish or use their copyrighted works in the Infringing Book.

27. Defendants never requested a license or otherwise sought permission to use Plaintiffs' works in the Infringing Book.

## COUNT I

### DIRECT, CONTRIBUTORY and/or VICARIOUS COPYRIGHT INFRINGEMENT

28. Plaintiffs repeat and re-allege each allegation set forth in the paragraphs above as if set forth fully herein.

29. Plaintiffs created and own all copyrights in and to the creative works identified herein and in Exhibit 1.

30. Plaintiffs' copyrights in and to the works at issue in this action have been registered with the United States Copyright Office as set forth in Exhibit 1.

31. Defendants infringed Plaintiffs' copyrights by making unauthorized copies of Plaintiffs' work as described herein.

32. Defendants further infringed Plaintiffs' copyrights by publishing, displaying, and distributing Plaintiffs' works without a license or permission.

33. By making unauthorized use of Plaintiffs' works, Defendants misappropriated Plaintiffs' intellectual property for their own profit, causing Plaintiffs significant injuries, damages, and losses in amounts to be determined at trial.

34. Defendants obtained direct financial benefits, including through the sale and marketing of the Infringing Book.

35. Defendants exercised control over the Infringing Book and could have acted to prevent the infringements contained therein.

36. By failing to secure the rights to all content in the Infringing Book, including Plaintiffs' works, Defendants acted willfully, intentionally, and/or with reckless disregard for Plaintiffs' copyrights.

37. Upon information and belief, Defendant THC provided copies of the photos at issue to Defendant PowerHouse for purposes of reproducing, printing, and distributing the Infringing Book, knowing that it lacked a license to use Plaintiffs' works therein.

38. By providing the content to be used in the Infringing Book, Defendant THC exercised control over the copying of Plaintiffs' work by any other parties involved in its publishing and distribution, including designers, editors, and printer.

39. Defendants also distributed copies of the Infringing Book to re-sale distributors, including Barnes & Noble, and thus exercised control over and benefitted financially from those downstream sales.

40. Plaintiffs seek all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profits attributable to uses of Plaintiffs' creative work and any damages suffered as a result of the lack of credit and attribution. Plaintiffs also seek all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**WHEREFORE,** Plaintiffs respectfully pray for judgment on their behalf and for the following relief:

1. All allowable damages under the Copyright Act, including but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiffs' loss of licensing revenue, Defendants' lack of attribution, and Defendants' profits attributable to infringement;

2. Plaintiffs' full costs, including litigation expenses, interest, and any other amounts authorized under law, and attorneys' fees incurred in pursuing and litigating this matter;

3. Any other relief authorized by law, including punitive and/or exemplary damages; and

4. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**
Dated August 24, 2018
New York, New York.

                                                                                Respectfully submitted,

By: _____
Nate A. Kleinman
Kevin P. McCulloch
The McCulloch Law Firm, PLLC
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
*Attorneys for Plaintiffs*