UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LAURENCE CHERNIAK and ROBERT : 
SHELLI, : Case No. 18-cv-7734-AT
 :
       Plaintiffs, :
 : Hon. Analisa Torres
       v. :
 :
TRANS-HIGH CORPORATION; :
POWERHOUSE CULTURAL :
ENTERTAINMENT, INC., :
 :
       Defendants. :
-----------------------------------------------------------------x

### DEFENDANT TRANS-HIGH CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

**KAPIN PLLC**
Michael J. Kapin, Esq.
1133 Broadway – Suite 1001
New York, New York 10010
Telephone: (212) 513-0500
mikekapin@gmail.com
*Attorneys for Defendant*
*Trans-High Corporation*

Defendant Trans-High Corporation ("Defendant" or "THC"), by and through its undersigned counsel, KAPIN PLLC, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully submits this Memorandum of Law in support of its Motion to Dismiss Plaintiffs', Laurence Cherniak and Robert Shelli (collectively the "Plaintiffs"), first amended Complaint (the "Amended Complaint"; Exhibit C, *Summons and First Amended Complaint*), and in support state as follows:

## INTRODUCTORY STATEMENT

All of the parties to the instant action (See Exhibit C, *Summons and First Amended Complaint*) were parties to a prior action filed by Plaintiffs in the Southern District of New York, against THC and co-Defendant Powerhouse Cultural Entertainment, Inc., with Docket No. 1:17-cv-08530-AT (the "Prior Action"; See Exhibit D, *Complaint in the Prior Action*).

Plaintiffs' Amended Complaint in the instant action is nearly identical to the claims set forth in the Prior Action, i.e. relief under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq., and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights). The two cases involve the exact same transactions and occurrences and the exact same parties (See Exhibit C, *Summons and First Amended Complaint*, *passim*; and, Exhibit D, *Complaint in the Prior Action, passim*).

In the instant action, Plaintiffs' Amended Complaint fails to even mention the fact that the parties entered into a fully-executed settlement agreement (See Exhibit A; *Settlement Agreement*), containing releases, which completely resolved the Prior Action.

That Settlement Agreement is a complete defense to the instant action and this matter should be dismissed without leave to replead.

## STATEMENT OF FACTS

On or about November 3, 2017, Plaintiffs filed the Prior Action (See Exhibit D, *Complaint in the Prior Action*). The Prior Action was settled pursuant to the Settlement Agreement (See Exhibit A, *Settlement Agreement*).

The Settlement Agreement called for THC to make payment to Plaintiffs in the aggregate amount of $30,000.00. (Id. at ¶ 1). THC made an initial $5,000.00 payment shortly after the Settlement Agreement was fully-executed (See Newberg Affidavit ¶ 5). THC made the second payment of $25,000.00 on or about April 29, 2019. (Id. at ¶ 6; and see Exhibit B *Wire Payment Receipt*). To date, Plaintiffs have been paid in full under the Settlement Agreement (See Newberg Affidavit ¶ 12).

While THC's second payment was made later than the dates mentioned in the Settlement Agreement, THC is not in "material" breach of the Settlement Agreement.

The Settlement Agreement contains a schedule of payments, but does contain any "time is of the essence" language pertaining to payments (See Exhibit A, *Settlement Agreement* ¶ 1).

The Settlement Agreement contains a broad general release provision, and states: "[u]pon full execution of this Agreement [Settlement Agreement] and subject to payment by THC of the full Settlement Amount to The McCulloch Law Firm, PLLC, […]." (Id. at ¶ 2). The general release paragraph does not contain any particular "time is of the essence" language with regard to payment (Id.). In fact, all is requires is payment in full. Id.

The Settlement Agreement additionally provides for a notice and cure period, wherein Plaintiffs' counsel was required to provide notice and a two week opportunity to cure via both e-mail and Fedex to both THC and THC's counsel (Id. at ¶ 1). THC disputes that Plaintiffs' or its counsel complied with the required notice and cure provisions of the Settlement Agreement (Id.; and see Newberg Affidavit ¶ 10-11).

Plaintiffs' Amended Complaint in the instant action (Exhibit C, *Summons and First Amended Complaint*) does not plead the existence of the Settlement Agreement, whatsoever, let alone that Plaintiffs have complied with the notice and cure obligations required under the Settlement Agreement in paragraph one therein (See Exhibit A, Settlement Agreement ¶ 1).

On August 24, 2018, in the instant action Plaintiffs filed their original complaint. (See Docket No. 1). Thereafter, on January 7, 2019, Plaintiffs filed their Amended Complaint (See Exhibit C, *Summons and First Amended Complaint*).

On February 11, 2019, THC's counsel KAPIN PLLC appeared in the instant action (See Docket No. 28).

THC's counsel has counsel has complied with the Part Rules of the Honorable Analisa Torres by filing the applicable pre-motion letters prior to bringing this motion to dismiss. (See Kapin Declaration ¶¶ 4-8).

Plaintiffs have been paid in full under the terms of the Settlement Agreement. Any claim(s) Plaintiffs might have related to damages for payments received later than expected by them, are not properly brought before the Federal Courts.

There is no material default under the Settlement Agreement.

## **LEGAL ARGUMENT**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face," and provide "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, a complaint must make

a "'showing,' rather than a blanket assertion, of entitlement to relief" supported by sufficient factual allegations. *Twombly*, 550 U.S. at 555 n.3.

## PLAINTIFFS' CLAIM MUST BE DISMISSED PURSUANT TO THE PARTIES' SETTLEMENT AGREEMENT

The claims in the instant action should be dismissed because they were released in the Settlement Agreement. Under New York law, "a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." *Loccenitt v. Pantea*, No. 12 CIV. 1356 AT, 2014 WL 7474232, at *2 (S.D.N.Y. Dec. 29, 2014) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2d Cir. 1998) (dismissing claims as barred by previously executed settlement agreement and rejecting allegations that plaintiff was forced to sign the agreement). "The law is well settled that stipulations of settlement are judicially favored and may not lightly be set aside." *United States v. Twenty Miljam-350 IED Jammers*, 669 F.3d 78, 88 (2d Cir. 2011) (quoting *In re Guttenplan*, 222 A.D.2d 255, 256–57 (1st Dep't 1995); see also *Consorcio Prodipe, S.A. de C.V. v. Vinci, S.A.*, 544 F. Supp. 2d 178, 191 (S.D.N.Y. 2008) ("[t]he purpose of a settlement is to end litigation, not to provide a breather before the next round.") (quoting *Tyson v. Cayton*, 784 F. Supp. 69, 75 (S.D.N.Y. 1992). "[A] valid release constitutes a complete bar to an action on a claim which is the subject of the release." *Smith v. JPMorgan Chase*, No. 15 CIV. 808 (PAE), 2016 WL 5339548, at *5 (S.D.N.Y. Sept. 23, 2016) (dismissing claim as barred by previously executed settlement agreement) (quoting *Morefun Co. v. Mario Badescu Skin Care Inc.*, No. 13 CIV. 9036 LGS, 2014 WL 2560608, at *4 (S.D.N.Y. June 6, 2014), aff'd, 588 F. App'x 54 (2d Cir. 2014)).

Plaintiffs' amended complaint in the instant action is barred by the plain language of the Settlement Agreement, which states, in paragraph two therein:

> **Release; Covenant not to Sue**. Upon full execution of this Agreement and subject to payment by THC of the full Settlement Amount to The McCulloch Law Firm, PLLC, Plaintiffs, on behalf of themselves, their agents, successors, marital or domestic partnerships (if any), family members, associated, owned, or affiliated companies,

heirs, and assigns, hereby fully and irrevocably release and discharge Defendants, and each of their officers, directors, shareholders, managers, members, employees, agents, representatives, successors, parents, subsidiaries, affiliates, heirs and assigns, and all persons in concert or participation with them, including any downstream retailers to which Defendants sold the allegedly infringing products, from any and all causes of action, suits, liabilities, obligations, debts, damages, controversies, agreements, trespasses, judgments, executions, costs, expenses, demands, claims, and counterclaims of any nature whatsoever, whether in law or equity, accrued or unaccrued, certain or contingent, liquidated or unliquidated, pled or not pled, arising out of Defendants' use of Plaintiffs' images, including without limitation the Images at issue in the Litigation, from the beginning of time through the Effective Date. Nothing in this Agreement does or shall be construed to constitute a release of any new claims arising after the Effective Date, nor shall the Parties attempt to construe this Agreement to such effect, but Plaintiffs covenant not to sue or otherwise pursue any claims against Defendants with respect to Defendants' sale of the High Times 40th Anniversary book at issue in this case, or the maintenance or sale of any physical or digital archival copies or back issues of their publications, including without limitation, the High Times online archive located at http://covertocover.hightimes.com/covertocover/, which may contain archival copies of publications that feature Plaintiffs' images. Within five (5) business days of the initial payment of the Settlement Amount, Plaintiffs shall file a stipulation of dismissal in the Litigation, which shall provide that Plaintiffs' claims against Defendants are dismissed without prejudice and without costs to any Party; upon payment of the balance of the Settlement Amount, Plaintiffs' counsel shall confirm to Defendants' counsel in writing that their without prejudice dismissal of the Litigation is, at that time, deemed with prejudice, and that the releases and covenants set forth in this paragraph are fully applicable.

See Exhibit A, *Settlement Agreement* ¶ 2.

Plaintiffs Amended Complaint in the instant action completely ignores the existence of the Settlement Agreement. Paragraphs 19, 21, 22, 29 and 30 of the Amended Complaint in the instant action are misleading given the existence of the parties' Settlement Agreement. For example, paragraph 22 of the Amended Complaint states, "Defendants never requested a license or otherwise sought permission to use Plaintiffs' work on its online gallery, nor in additional issues of High Times." (Exhibit C, *Summons and First Amended Complaint* ¶ 22). This is misleading because paragraph one of the Settlement Agreement (Exhibit A, *Settlement Agreement* ¶ 1), serves as THC's license to use the subject material, as it serves to resolve any claim(s) of unauthorized use and paragraph two releases THC from any claims of unauthorized use.

While Plaintiffs may argue that THC's failure to earlier pay the outstanding $25,000.00 caused the release to be a nullity, they haven't plead that in their Amended Complaint (See Exhibit C, *Summons and First Amended Complaint*, passim). Moreover, as any payment default was cured by the April 29, 2019 payment (See Exhibit B, *Wire Payment Receipt*), Plaintiffs cannot plead a material default of the payment terms of the Settlement Agreement even if permitted to amend their pleading.

### DEFENDANTS' LATE PAYMENT IS NOT A MATERIAL DEFAULT

"'A party's obligation to perform under a contract is only excused where the other party's breach of the contract is so substantial that it defeats the object of the parties in making the contract.' *Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*, 111 F.3d 284, 289 (2d Cir. 1997); see also id. (citing Restatement (Second) of Contracts § 241(a) for the proposition that 'materiality depends, in part, on 'the extent to which the injured party will be deprived of the benefit which he reasonably expected' '). *Int'l Cards Co., Ltd. v. Mastercard Int'l Inc.*, 13 CIV. 2576 (LGS), 2016 WL 3039891, at *3 (S.D.N.Y. May 26, 2016), aff'd sub nom." *Int'l Cards Co. Ltd. v. Mastercard Int'l Inc*, 741 Fed. Appx. 41 (2d Cir. 2018).

In the instant case, late payment is not a material breach of the Settlement Agreement, Plaintiffs have their entire $30,000.00 settlement payment and the extent to which they have been injured is not great.

Moreover, the Settlement Agreement contains a notice and cure requirement which must be met. There can be no dispute that Plaintiff were required to give THC notice of the alleged breach and an opportunity to cure. Plaintiffs have failed to plead compliance with this perquisite.

In Mahoney v. Sony Music Entm't, 12 CIV. 5045 RJS AJP, 2013 WL 491526, at *6 (S.D.N.Y. Feb. 11, 2013), this Court has stated:

> The parties do not dispute that under the Contract, Mahoney was required to give Sony notice of an alleged breach. (Dkt. No. 28: Sony Br. at 7–9 & n. 3; Dkt. No. 33: Mahoney Opp. Br. at 2–7.)13 See, e.g., *Point Prods. A.G. v. Sony Music Entm't, Inc.*,

93 Civ. 4001, 2000 WL 1006236 at *1, *3 n. 9 (S.D.N.Y. July 20, 2000) (contract's "notice and cure provisions are unambiguous" where they called for written notice and thirty-day cure period); *Sauer v. Xerox Corp.*, 17 F.Supp.2d 193, 196 (W.D.N.Y.1998) ("The Lease language is clear. Upon an Event of Default written notice is required prior to asserting a lawsuit."), aff'd, 5 F. App'x 52 (2d Cir.2001).

**Where, as here, a contract contains an unambiguous condition precedent, plaintiff must plead compliance therewith to state a breach of contract claim; otherwise, the claim should be dismissed.** See, e.g., *Rojas v. Don King Prods., Inc.*, 11 Civ. 8468, 2012 WL 760336 at *2–3 (S.D.N.Y. Mar.6, 2012) ("Under New York law, if a contract explicitly states that notice and an opportunity to cure are conditions precedent to bringing or maintaining a claim, courts will enforce that agreement.... [B]ecause the complaint fails to allege compliance with the provision in even general terms, [plaintiff] has failed to state a claim for breach of contract." (fn.omitted)).14

*Mahoney v. Sony Music Entm't*, 12 CIV. 5045 RJS AJP, 2013 WL 491526, at *6 (S.D.N.Y. Feb. 11, 2013), emphasis added.

Plaintiffs, in their Amended Complaint, have failed to plead the existence of the Settlement Agreement, whatsoever, let alone that the Settlement Agreement was breached and that Plaintiffs complied with applicable notice and cure provisions prior to claiming a breach. As a result, this case must be dismissed.

Once the parties settled the claims in the Prior Action, they were bound to their settlement agreement. See *Sicom S.P.A. v. TRS Inc.*, 168 F. Supp. 3d 698, 705 (S.D.N.Y. 2016, ("[u]nder New York law, a settlement agreement is a contract, and any alleged breach of a settlement agreement must be analyzed according to the ordinary principles of contract law. *See, e.g., Collins v. Harrison–Bode,* 303 F.3d 429, 433 (2d Cir.2002)).

Under New York law, the parties' Settlement Agreement is an executory accord. See N.Y. Gen. Oblig. Law § 15-501(1) (West) ("[e]xecutory accord as used in this section means an agreement embodying a promise express or implied to accept at some future time a stipulated performance in satisfaction or discharge in whole or in part of any present claim, cause of action, contract, obligation, or lease, or any mortgage or other security interest in personal or real property,

and a promise express or implied to render such performance in satisfaction or in discharge of such claim, cause of action, contract, obligation, lease, mortgage or security interest.").

Under New York law, if an executory accord, such as the parties' Settlement Agreement is breached, there may be a right to reassert the original claims that were compromised. See N.Y. Gen. Oblig. Law § 15-501(3) (West).

However, in *Bryer v. CVFF Dev. Corp.*, the New York Supreme Court, Appellate Division, Second Department stated:

> Before a party is entitled to the relief provided by [General Obligations Law § 15–501(3) ], he [or she] must show that the other party has breached or repudiated the accord" (Brauer v. Central Trust Co., 77 A.D.2d 239, 246, 433 N.Y.S.2d 304; see Plant City Steel Corp. v. National Mach. Exch., 23 N.Y.2d 472, 477, 297 N.Y.S.2d 559, 245 N.E.2d 213). Here, the Supreme Court correctly determined that no such showing was made. […] Accordingly, there is no basis in the record to find that the defendant breached or repudiated the contempt settlement so as to require that the contempt matter be restored to the court's calendar.

*Bryer v. CVFF Dev. Corp.*, 949 N.Y.S.2d 110, 111–12 (N.Y. App. Div. 2012).

By failing to even mention the existence of the Settlement Agreement in their Amended Complaint, Plaintiffs have failed to meet the requirements set out in *Bryer v. CVFF Dev. Corp.*

## PLAINTIFFS' ACTION IS BARRED BY THE DOCTRINE OF RES JUDICATA

The Settlement Agreement is a complete defense to the instant action: "[u]nder the well-settled doctrine of res judicata, a subsequent action is barred where: (1) the prior action concluded with a final adjudication on the merits; (2) the prior claims and the current claims involve the same parties or those in privity with them; and (3) the claims asserted in the present action were, or could have been, asserted in the prior action because they arise from a common nucleus of operative fact. See *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir.2000). " *U.S. ex rel. Sarafoglou v. Weill Med. Coll. of Cornell Univ.*, 451 F. Supp. 2d 613, 619 (S.D.N.Y. 2006).

As to the second and third prongs above, a review of the pleading in both action shows that

Plaintiffs brought the exact same claims against the exact same parties in both actions. (See Exhibit C, *Summons and First Amended Complaint*; and Exhibit D *Complaint in the Prior Action*).

The Second Circuit has held, "[…] a dismissal, with prejudice, arising out of a settlement agreement operates as a final judgment for res judicata purposes. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286–87 (2d Cir. 2002).

The parties' Settlement Agreement of the Prior Action provides:

> Within five (5) business days of the initial payment of the Settlement Amount, Plaintiffs shall file a stipulation of dismissal in the Litigation, which shall provide that Plaintiffs' claims against Defendants are dismissed without prejudice and without costs to any Party; **upon payment of the balance of the Settlement Amount, Plaintiffs' counsel shall confirm to Defendants' counsel in writing that their without prejudice dismissal of the Litigation is, at that time, deemed with prejudice**, and that the releases and covenants set forth in this paragraph are fully applicable.

Exhibit A, *Settlement Agreement* ¶ 2.

On April 29, 2019, the remaining balance of the Settlement Amount was paid to Plaintiffs (see Exhibit B, *Wire Payment Receipt*), and as a result, the stipulation of discontinuance is deemed with prejudice (See Exhibit A, *Settlement Agreement* ¶ 2). As a result, the doctrine of res judicata applies as the Settlement Agreement serves as a final judgment on the merits.

## CONCLUSION

WHEREFORE, Defendant, Trans-High Corporation, respectfully requests that this Court enter an Order dismissing Plaintiffs Amended Complaint, with prejudice.

Dated: April 30, 2019
New York, New York

Yours, etc.,

**KAPIN PLLC**
*Attorneys for Defendant Trans-High Corporation*

*/s/ Michael J. Kapin*
MICHAEL J. KAPIN, ESQ.
1133 Broadway - Suite 1001
New York, New York 10010
(212) 513-0500