USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/4/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAURENCE CHERNIAK and ROBERT SHELLI,

    Plaintiffs,

-against-

TRANS-HIGH CORPORATION and POWERHOUSE CULTURAL ENTERTAINMENT, INC.,

    Defendants.

POWERHOUSE CULTURAL ENTERTAINMENT, INC,

    Cross-Claimant,

-against-

TRANS-HIGH CORPORATION,

    Cross-Defendant.

18 Civ. 7734 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Before the Court is Defendant Trans-High Corporation's ("THC") motion to dismiss this action for failure to state a claim, which is based entirely on the assertion that Plaintiffs and Defendants executed a settlement agreement on may 9, 2019 (the "Agreement"), which terminated a prior action and bars Plaintiffs' claims. ECF No. 53. For the reasons stated below, (1) THC's motion is converted into a motion for summary judgment in accordance with Rule 12(d) of the Federal Rules of Civil Procedure, and (2) that motion is DENIED.

**BACKGROUND**

Plaintiffs, Laurence Cherniak and Robert Shelli, claim that they licensed photographs to THC for one-time use in a book and in issues of the magazine *High Times*, but that THC reused those photos without permission in subsequent issues of the magazine, in an online gallery, and ultimately in a book celebrating the history of *High Times* published by Defendant Powerhouse

Cultural Entertainment, Inc. Compl. ¶¶ 6, 9, 11, 16–25, ECF No. 1. They seek damages for copyright infringement under the Copyright Act. *Id.* ¶¶ 33–43. Plaintiffs filed a virtually identical action in 2017 (the "2017 Action"), which was assigned to this Court. *See* Case No. 17 Civ. 8530 (S.D.N.Y. Nov. 3, 2017), ECF No. 1. That case was terminated by the parties' voluntary dismissal without prejudice. *Id.*, ECF No. 32.

**ANALYSIS**

THC moves to dismiss Plaintiffs' claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 53. THC asserts that Plaintiffs' claims were released as a part of the Agreement, which terminated the 2017 Action. Def. Mem. at 4–8, ECF No. 56; *see* Agreement.[1] THC also argues that by the Agreement's terms the dismissal of the 2017 Action must be deemed a dismissal with prejudice. Def Mem. at 8–9. Plaintiffs respond that the Court may not consider the Agreement in resolving a motion to dismiss, because its existence and contents are not alleged in the complaint, integral to the complaint or incorporated into it by reference, or a matter of which the Court may take judicial notice. Pl. Opp. at 5–7, ECF No. 59. Plaintiffs also argue that Defendants failed to comply with the Agreement's terms, and contend that such a breach means that the release is not effective. *Id.* at 7–11.

I. Conversion to Summary Judgment Motion

A. Legal Standard

"In ruling on a 12(b)(6) motion . . . a court may consider the complaint as well as any written instrument attached to [the complaint] as an exhibit or any statements or documents

---

[1] Defendants submitted a hard copy of settlement agreement to the Court with their papers, but failed to file it on the docket, citing "the Confidential Nature of this Document." ECF No. 54-1. This was not consistent with this Court's rules, or the principles of public access to judicial documents. "Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernstein v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018) (collecting cases). In a separate order, the Court will require the parties to show cause why the settlement agreement should not be publicly filed in light of its importance to this opinion.

2

incorporated in it by reference. Moreover, on a motion to dismiss, a court may consider matters of which judicial notice may be taken, and documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Kalyanaram v. Am. Ass'n of Univ. Professors at New York Inst. of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir. 2014) (internal quotation marks, citations, and alterations omitted). Under the latter rule, "a plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Menaker v. Hofstra Univ.*, 935 F.3d 20, 27 n.7 (2d Cir. 2019) (internal quotation marks and citation omitted).

"When a party submits affidavits or other evidence outside the pleadings attached to or in response to a Rule 12(b)(6) motion, 'a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'" *Alkholi v. Macklowe*, No. 17 Civ. 16, 2017 WL 6804076, at *5 (S.D.N.Y. Dec. 22, 2017) (quoting *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000)).

    B.    Application

The Agreement is not within the category of documents the Court may consider on a motion to dismiss. The complaint does not reference the 2017 Action or the Agreement. *See* Compl. The Court may not take judicial notice of the Agreement, because it was not filed on the docket when the 2017 Action was terminated, and is not otherwise available as a public record. *See Shahzad v. Cty. of Nassau*, No. 13 Civ. 2268, 2013 WL 6061650, at *12 (E.D.N.Y. Nov. 14, 2013) (declining to take judicial notice of settlement agreement when agreement was not filed on the prior action's docket); *Robinson v. Pierce*, No. 11 Civ. 5516, 2012 WL 833221, at *3

(S.D.N.Y. Mar. 13, 2012) (declining to take judicial notice of releases from prior cases which "are not court documents and not susceptible to judicial notice"). And although the Agreement was presumably in Plaintiffs' possession before they filed this suit, there is no indication that they relied on it in drafting the complaint.

Moreover, it would be impossible for the Court to consider the Agreement without also considering the additional extrinsic evidence submitted by both parties. In support of its motion, THC submitted an affidavit from David Newberg, the Vice President of Finance at THC, describing the facts of the prior litigation and its termination in accordance with the Agreement, and averring that Defendants fully complied with the Agreement by making required payments. Newberg Aff., ECF No. 54. Attached to that affidavit is a wire transfer receipt that THC claims proves the required payment was made. ECF No. 54-2. Plaintiffs submitted a declaration from their attorney, attesting that Plaintiffs timely demanded payment from Defendants pursuant to the Agreement, and that Defendants did not make full payment by the Agreement's deadline to cure a default. Kleinman Decl., ECF No. 60. Attached to that declaration are copies of emails that Plaintiffs claim show that series of events. ECF Nos. 60-1, 60-2, 60-3, 60-4. All of this evidence is relevant to the question of whether the Agreement bars Plaintiffs' claims either as a matter of contract or a matter of claim preclusion.

Although the Court could simply deny THC's motion to dismiss because it is based on material outside the complaint, the better course under these circumstances is to convert the motion into one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Courts have frequently held that the contention that a settlement agreement bars the action should be addressed at the earliest possible juncture. *See Roberts v. Doe 1*, No. 14 Civ. 9174, 2015 WL 670180, at *2 (S.D.N.Y. Feb. 17, 2015) ("Consideration of these [settlement]

documents, however, will resolve this case and conversion of the motion to dismiss to a summary judgment motion is appropriate."); *Robinson*, 2012 WL 833221, at *3 (same); *In re Refco Inc. Sec. Litig.*, No. 07 MDL 1902, 2012 WL 4053939, at *2 (S.D.N.Y. Aug. 8, 2012) (collecting cases), *report and recommendation adopted*, 2012 WL 4009175 (S.D.N.Y. Sept. 12, 2012). And "since the Defendants have included the [s]ettlement [a]greement in their motion papers and have relied on it heavily, Plaintiff[s] would not be taken by surprise by such a conversion." *Cantey v. Mount Vernon City Sch. Dist.*, No. 16 Civ. 2669, 2018 WL 3315574, at *4 (S.D.N.Y. July 5, 2018) (internal quotation marks and citation omitted). Indeed, the parties acknowledge that conversion of the motion is a permissible course of action here. *See* Pl. Opp. at 6–7; Reply at 1–3, ECF No. 57.

Moreover, the Court can resolve the converted summary judgment motion without further submissions by the parties, because "both parties submit[ted] extrinsic evidence in support of their positions," and so "neither can be considered to have been taken by surprise nor deprived of a reasonable opportunity to meet facts outside the pleadings." *Lobban v. Cromwell Towers Apartments, Ltd. P'ship*, 345 F. Supp. 3d 334, 343 (S.D.N.Y. 2018) (internal quotation marks and citation omitted).

Accordingly, the Court converts THC's motion into one for summary judgment, and proceeds to the merits.

II. Effect of Settlement Agreement

A. Summary Judgment Standard

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Feingold v. New York,* 366

F.3d 138, 148 (2d Cir. 2004). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Material facts are those which, under governing law, may affect the outcome of a case. *Id.*

      B.      Executory Accords

A settlement agreement in which a plaintiff promises to release a defendant from claims in exchange for a future payment is an executory accord, defined under New York law as "an agreement embodying a promise . . . to accept at some future time a stipulated performance in satisfaction or discharge in whole or in part of any present claim . . . and a promise . . . to render such performance in satisfaction or in discharge of such claim." N.Y. Gen. Oblig. L. § 15–501(1). New York law also defines a plaintiff's remedy for a breach of such an agreement: "If an executory accord is not performed according to its terms by one party, the other party shall be entitled either to assert his rights under the claim, cause of action, contract, obligation, lease, mortgage or other security interest which is the subject of the accord, or to assert his right under the accord." N.Y. Gen. Oblig. L. § 15–501(3). "[T]his provision bars recovery on what are mutually exclusive claims and requires a litigant to elect his or her remedy—either compensation for the breach of the accord, or damages on the claims that underlie the accord." *Abou-Khadra v. Mahshie,* 4 F.3d 1071, 1078 (2d Cir.1993).

Although a party may elect to sue on the claims that underlie an executory accord, "New York courts . . . require that any breach of an executory accord be material before a party may sue upon the original obligation." *Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*, 111 F.3d 284, 289 (2d Cir. 1997). Otherwise, a party "could obtain payment of a contested debt and, due to a minor breach of the accord, receive the windfall entitlement to reassert its pre-settlement

6

claims." *Id.* at 287. "Under New York law, a material breach is a breach that goes to the root of the agreement between the parties, and is so substantial that it defeats the object of the parties in making the contract." *Wechsler v. Hunt Health Sys., Ltd.*, 330 F. Supp. 2d 383, 414 (S.D.N.Y. 2004) (internal quotation marks, citation, and alterations omitted). "Failure to tender payment is generally deemed a material breach of a contract." *Jordan v. Can You Imagine, Inc.*, 485 F. Supp. 2d 493, 504 (S.D.N.Y. 2007) (quoting *ARP Films, Inc. v. Marvel Entertainment Group, Inc.,* 952 F.2d 643, 649 (2d Cir. 1991)).

    C.    Application

        1.  The Agreement's Terms

The Agreement was entered into to "resolve and settle the claims at issue in" the 2017 Action, and is plainly an executory accord. Agreement at 1. It has two key provisions. In Section 1, it provides that "[as] full compensation for Defendants' past unauthorized use of the [copyrighted images] and in consideration for the terms of this agreement, THC shall pay to . . . [Plaintiffs] the total sum" specified.[2]

Section 1 requires that "[a]n initial payment . . . shall be paid within five (5) business days of" the Agreement's execution, and that the balance . . . shall be paid either "ten (10) days after the initial public offering [] of THC's stock," or "seven (7) weeks from" the Agreement's effective date. And it sets out a procedure to be followed in case of nonpayment: "Should THC fail to pay the balance [due] . . . in accordance with this paragraph, Plaintiffs shall provide written notice of default to THC and THC's counsel by e-mail and FedEx, and THC shall cure

---

[2] The Agreement detailed specific amounts for the total sum owed, the initial payment, and the balance due after the initial payment, but the Court will not state those amounts in this order, because parties generally have a strong interest in the confidentiality of a settlement amount. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) (holding "it was a serious abuse of discretion for the district court to refer to the magnitude of the settlement amount—theretofore confidential," in a public order).

7

such default within two (2) weeks of receipt of the notice." The Agreement expressly provides that "[f]ailure to cure shall be deemed a material breach . . . ."

In Section 2, the Agreement provides: "Upon full execution of this Agreement and subject to payment by THC of the full [settlement amount] . . . Plaintiffs . . . hereby fully and irrevocably release and discharge Defendants . . . from any and all cause of action . . . ." It further provides that "[w]ithin five (5) business days of the initial payment . . . Plaintiffs shall file a stipulation of dismissal in the [2017 Action], which shall provide that Plaintiffs' claims against Defendants are dismissed without prejudice." Further, "upon payment of the balance . . . Plaintiffs' counsel shall confirm to Defendants' counsel in writing that their without prejudice dismissal of the [2017 Action] is, at that time, deemed with prejudice, and that the releases and covenants set forth in this paragraph are fully applicable." In sum, Plaintiffs promised to "accept at some future time a stipulated performance in satisfaction or discharge in whole or in part of any present claim," and Defendants promised to "render such performance in satisfaction or in discharge of such claim." N.Y. Gen. Oblig. L. § 15–501(1).

### 2. Breach of the Agreement

The undisputed course of events following the parties' entry into the Agreement demonstrate a material breach on the part of THC. THC made the required initial payment to Plaintiffs shortly after the Agreement was executed on May 9, 2018. Newberg Aff. ¶ 5; Agreement at 4 (final signature from party dated May 9, 2018). But THC did not transmit the outstanding balance in the following weeks. *See* Newberg Aff. ¶¶ 6, 7.

On June 29, 2018—just over seven weeks from the date the Agreement was executed—Plaintiffs' counsel emailed THC's counsel, stating, "We still haven't received the payment. This email serves as Plaintiffs' notice of default under paragraph 1 of the [Agreement]." ECF No. 60-

1. THC's counsel wrote back, "Receipt acknowledged. I'm working on getting this take[n] care of." *Id.* On July 5, 2018, Plaintiffs' counsel sent another email to THC's counsel, which stated, "[Y]our client still hasn't made the final settlement payment and is currently in default. Unless that is made within the time provided in the [Agreement], the copyright claims can (and will) be re-filed." ECF No. 60-2. THC's counsel replied: "I'm aware of the payment situation — you already notified us of the default on 6/29. I'm in touch with my client and they know the terms of the [Agreement]." *Id.* On July 11, 2018, Plaintiffs' counsel followed up, asking: "Please confirm whether your client will be making payment this week." *Id.* THC's counsel replied, "I'm told they will be." *Id.* On July 31, 2018, Plaintiffs' counsel emailed the CEO of THC directly, on the understanding that THC's counsel had withdrawn from representing the company, stating again that Defendants had defaulted and threatening a new lawsuit if THC did not pay. ECF No. 60-3.

On August 24, 2018, Plaintiffs filed this action. ECF No. 1. On March 26, 2019, THC's counsel sent a letter to the Court requesting a pre-motion conference in advance of filing a motion to dismiss on the basis of the Agreement. ECF No. 38. On April 2, 2019, the Court set a briefing schedule for that motion. ECF No. 47. On April 30, 2019, THC filed the instant motion. ECF No. 49. One day earlier, on April 29, 2020, THC wired to Plaintiffs a sum of money equal to the balance due under the Agreement. Newberg Aff. ¶ 6.

THC's nonpayment of the balance of the settlement amount within the designated time was a material breach of the Agreement. The root of the agreement between the parties was the payment of that sum by THC in return for Plaintiffs' releasing their copyright claims. *See* Agreement §§ 1, 2. By failing to pay the money owed after Plaintiffs properly invoked the

9

default provision,[3] THC defeated the entire object of the Agreement. "[F]ail[ure] to tender payment as required, and thereafter, fail[ure] to cure upon receiving a notice of default until well after the grace period had expired . . . indicates a material breach, and not merely a technical default." *Truglia v. KFC Corp.*, 692 F. Supp. 271, 276–77 (S.D.N.Y. 1988) (internal quotation marks and citation omitted), *aff'd*, 875 F.2d 308 (2d Cir. 1989); *see also Cadlerock Joint Venture, L.P. v. Rubenstein*, 812 N.Y.S.2d 469, 471 (App. Div. 2006) ("[D]efendants, by failing to make the first scheduled payment in a timely manner and then by failing to cure the default in the seven-day period, did not substantially comply with the agreement."). As a result, Plaintiffs were entitled to revive the copyright claims that the Agreement had been aimed at settling. For the same reason, the Agreement's requirement that Plaintiffs confirm in writing that the dismissal of the 2017 Action should be deemed a dismissal with prejudice was never triggered.

THC's payment to Plaintiffs after Plaintiffs commenced this litigation does not cure the breach, because by commencing this litigation Plaintiffs elected to proceed on their underlying claims instead of seeking the money owed under the Agreement. It may be that the sum THC transmitted to Plaintiffs should offset Plaintiffs' eventual recovery, *see Abou-Khadra*, 4 F.3d at 1079 (requiring deduction from plaintiff's recovery of amount awarded for breach of accord and satisfaction agreement, when plaintiff had elected to proceed on underlying claims), or that THC has some other recourse to recover that sum—the Court expresses no opinion on that issue. What is clear, however, is that Plaintiffs have the right to elect the remedy for Defendants' material breach, and THC cannot force that choice by unilaterally wiring Plaintiffs the sum of money that was owed to them under an agreement Plaintiffs no longer wish to enforce.

---

[3] Defendants' contention that Plaintiffs' failure to serve notice by FedEx excused the obligation to pay is unavailing. Def. Mem. at 6–7. Unlike Defendants' failure to pay the settlement amount due, Plaintiffs' provision of written notice of default by email, rather than by email and FedEx, is not so substantial that it contravenes the purposes of the Agreement.

Accordingly, THC's motion for summary judgment is DENIED.

## CONCLUSION

For the reasons stated above, THC's motion to dismiss is converted into a motion for summary judgment, and DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 53.

SO ORDERED.

Dated: March 4, 2020
       New York, New York

                                                ANALISA TORRES
                                            United States District Judge